UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MORTON,

        Petitioner,        Case Number: 2:16-CV-14074
                                        HON. NANCY G. EDMUNDS

v.

STATE OF MICHIGAN, ET AL.,

        Respondent.
                                    /

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241.  Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition does not present grounds which may establish the violation of a federal constitutional right.  The petition will be dismissed.

**I.    Background**

      Petitioner William Morton is an inmate in the custody of the Arizona Department

of Corrections. He is serving a sentence of three-and-a-half years' for the offense of misconduct involving weapons. At the time he committed the offense in Arizona, Petitioner was serving a term of parole from a conviction in Michigan for unarmed robbery. On April 8, 2014, a parole violation warrant was issued by the Michigan Department of Corrections, which was lodged as a detainer against Petitioner's release by the Arizona Department of Corrections. *See* ECF No. 1, Pg. ID 13. Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the detainer lodged against him by the State of Michigan violates his due process rights because he did not receive a timely parole revocation hearing.

## II.   Discussion

In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. The Court outlined a two-step process for preserving the minimum due process requirements for parole revocation: a preliminary hearing and a final hearing. *Id.* The preliminary hearing, which must be held "promptly" after a parolee is arrested and detained, is an informal inquiry "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at 485. Following a preliminary hearing, the second stage is a final revocation hearing. This hearing "must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as

determined warrant revocation." *Id.* at 488.

Petitioner contends that his due process rights were violated by the lodging of the parole warrant as a detainer because he did not receive a timely parole revocation hearing as required under *Morrissey*. A probation revocation hearing must be held "within a reasonable time after [a petitioner] is taken into custody." *Id.* "Custody," in the probation-violation detainer context, occurs only when State authorities execute the underlying arrest warrant, which has not yet occurred in this case. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976). Michigan authorities may defer the warrant's execution until after Petitioner's Arizona sentence expires. *See, e.g., Moody*, 429 U.S. at 87-88; *see also Davis v. Stine*, 2006 WL 1050069, at *3 (E.D. Ky. April 20, 2006) ("There is nothing impermissible in waiting until a parole or probation violator is released from [another jurisdiction's] custody before holding revocation proceedings."). Because Petitioner has not, as yet, been arrested pursuant to the parole violator's warrant, his due process rights under *Morrissey* have not vested. *See Moody,* 429 U.S. at 86-87.

Moreover, because Plaintiff's conviction in Arizona by guilty plea provides irrefutable evidence of a parole violation, *Morrissey's* protections may never come into play. *Cf. Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (because parole decision maker had no discretion but to revoke parole on the basis of a subsequent conviction, *Morrissey* did not apply). Petitioner, therefore, fails to raise a claim arising from the Michigan detainer.

**III.     Conclusion**

Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists would not debate the correctness of the Court's ruling.  Accordingly, the Court **DENIES** a certificate of appealability.

**SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: December 19, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of this order was served upon parties and/or counsel of record on this 19th day of December, 2016 by regular U.S. Mail and/or CM/ECF.

s/ Carol J Bethel
Case Manager